# EXHIBIT 1

Shane D. Gosdis (#13959)
**GOSDIS LAW FIRM, PLLC**
5085 South State Street
Murray, Utah 84107
Telephone: (385) 429-9960
Fax: (385) 474-6126
E-mail:  s@gosdis.lawyer

Attorney for Plaintiff

---

# IN THE THIRD JUDICIAL DISTRICT COURT
# IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| ROMAN TERCERO-FABRE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ISS Facility Services, a Delaware corporation, and DOES 1-1O,<br><br><br><br>Defendants. | **COMPLAINT**<br><br>Case No.:<br><br>Judge:<br><br><br><br>**Tier 3** |

Plaintiff Roman Tercero-Fabre ("Plaintiff"), complains against defendants ISS Facility Services and Does 1-10 ("Defendants") as follows:

## PARTIES

1.  Plaintiff Roman Tercero-Fabre is an individual residing in Salt Lake County, State of Utah.

2.  On information and belief, defendant ISS Facility Services is a Delaware corporation with its principal place of business in Texas, and doing business in Salt Lake County, Utah.

1

3. Defendants Does 1-10 are individuals and/or entities doing business in the State of Utah. On information and belief, defendant Doe 1 contracted with Salt Lake City to perform janitorial and other services at the Salt Lake International Airport. On information and belief, defendant Doe 1 sub-contracted with Does 2-5 to perform janitorial and other services at the Salt Lake International Airport. As such defendants DOES 1-10, inclusive, are individuals or entities that may have contributed to the damages described herein. Plaintiff does not currently know the identities of DOES 1-10, but reserves the right to amend this Complaint to identify said entities and individuals and describe their roles in this matter if the same are discovered in the course of this litigation.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to Utah Code Ann. § 78B-6-401.

5. Venue is proper in this Court, including, without limitation, pursuant to Utah Code Ann. § 78B-3-307(1)(b).

## FACTUAL BACKGROUND

6. On information and belief, Defendants contracted with Salt Lake City to perform janitorial and other services at the Salt Lake International Airport.

7. On information and belief, on May 13, 2015, an airport patron spilled and/or tracked in water and/or another liquid onto the floor in the baggage claim area.

8. On information and belief, Defendants knew or should have known that a puddle of water had formed on the floor in the baggage claim area. On information and belief, Defendants had time to remedy the dangerous condition posed by the water on the floor, but failed to do so.

9. On May 13, 2015, Plaintiff was carrying his child through the baggage claim area when he slipped on the water. He violently fell to the ground while attempting to protect his child from the fall. The fall caused Plaintiff to suffer serious injuries.

10. On information and belief, Defendants failed to properly train and supervise their

employees to competently perform their jobs, including failing to properly train and supervise their employees to use reasonable efforts to discover and remedy the unsafe condition of the water on the floor.

11.     As a result of Defendants' above-referenced failures, Plaintiff sustained severe and serious injuries, including physical pain; emotional pain; medical bills; loss of enjoyment of life; and loss of wages.

## COUNT ONE
**(Negligence)**

12.     Plaintiff hereby realleges and incorporates by this reference all prior allegations, above, as if set forth fully herein.

13.     Defendants owed a duty to Plaintiff to keep the floor of the baggage claim area free from water puddles.

14.     As set forth above, Defendants breached their duty to Plaintiff by failing use reasonable efforts to discover and remedy the unsafe condition of the water on the floor of the baggage claim area

15.     In addition, as set forth above, Defendants breached their duty to Plaintiff by failing to properly train and supervise their employees to use reasonable efforts to discover and remedy the unsafe condition of the water on the floor of the baggage claim area.

16.     Defendants created and/or were otherwise responsible for each of the above-referenced dangerous conditions.

17.     Defendants' negligence was a proximate cause of Plaintiff's above-referenced accident.

18.     As set forth above, as a proximate result of Defendants' negligence, Plaintiff has suffered physical and mental pain (and will continue to suffer physical and mental pain into the future) in an amount to be proved at trial.

19.     As set forth above, as a proximate result of Defendants' negligence, Plaintiff also

has incurred medical bills (and will continue to incur medical bills in the future) in an amount to be proved at trial.

20. As set forth above, as a proximate result of Defendants' negligence, Plaintiff also has suffered a loss of enjoyment of life in an amount to be proved at trial.

21. As set forth above, as a proximate result of Defendants' negligence, Plaintiff also has suffered lost wages in an amount to be proved at the trial.

## COUNT TWO
**(Third-Party Beneficiary)**

22. Plaintiff incorporates and re-alleges each of the above paragraphs.

23. Plaintiff alleges that Defendants and Salt Lake City entered into an express contract, which required Defendants to perform janitorial and other services at the Salt Lake International Airport.

24. Plaintiff alleges that he was (and is) an intended beneficiary of the contract between Defendants and Salt Lake City and/or the contract(s) among and/or between Defendants.

25. Defendants and Salt Lake City knew that Plaintiff would benefit from the above-referenced contract and that Plaintiff could suffer harm by any breach of the above-referenced contract.

26. As set forth above, Plaintiff alleges that Defendants breached the above-referenced contract and, as a result, Plaintiff is entitled to damages as a third-party beneficiary who suffered damages as a result of the above-referenced breaches.

27. Defendants' breaches were a proximate cause of Plaintiff's above-referenced accident.

28. As set forth above, as a proximate result of Defendants' breaches, Plaintiff has suffered physical and mental pain (and will continue to suffer physical and mental pain into the future) in an amount to be proved at trial.

29. As set forth above, as a proximate result of Defendants' breaches, Plaintiff also has incurred medical bills (and will continue to incur medical bills in the future) in an amount to be proved at trial.

30. As set forth above, as a proximate result of Defendants' breaches, Plaintiff also has suffered a loss of enjoyment of life in an amount to be proved at trial.

31. As set forth above, as a proximate result of Defendants' breaches, Plaintiff also has suffered lost wages in an amount to be proved at the trial.

32. Because he is a third-party beneficiary, Plaintiff is entitled to an award of his attorneys' fees and costs herein pursuant to the above-referenced contract.

## TIER ELECTION

45. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46. Pursuant to Utah Rule of Civil Procedure 26(c)(3), this is a Tier 3 case because the amount of damages plead is more than $300,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Roman Tercero-Fabre, prays for relief as follows:

    A.    An award of general damages in an amount to be proved at trial;

    B.    An award of special damages to be proved at trial; and

    C.    An award of attorneys' fees and costs, interest on special damages and such other and further relief as the Court deems just and proper.

/ / /

RESPECTUFLLY SUBMITTED this 30th day of September, 2020

                                  **GOSDIS LAW FIRM, PLLC**

                                  /s/ Shane D. Gosdis
                                  Shane D. Gosdis
                                  Attorney for Plaintiff